**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CRAIG SWENSON, | : | CIVIL ACTION NO. 18-3086 (JLL) |
| | : | |
| Plaintiff, | : | **OPINION & ORDER** |
| | : | |
| v. | : | |
| | : | |
| CAROLINA CASUALTY INSURANCE CO., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

1.      Kevin Caccavella and Joanne Caccavella brought an action in New Jersey

State Court to recover damages for legal malpractice (hereinafter, "the State Tort

Action") against Craig Swenson (hereinafter, "the Insured Attorney"). (ECF No. 1-2 at

1–21 (pleadings in the State Tort Action).) The State Tort Action remains pending. (ECF

No. 1 at 2.) Carolina Casualty Insurance Co. (hereinafter, "the Insurer") provided legal

malpractice coverage to the Insured Attorney. (ECF No. 1-1 at 2.)

2.      The Insured Attorney brought a separate action in New Jersey State Court

against the Insurer for a judgment declaring that the Insurer is obligated to defend and

indemnify him in the State Tort Action (hereinafter, "the Declaratory Judgment Action").

(*Id.* at 1–2.) The Insurer then removed the Declaratory Judgment Action to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1 at 2–3.)

3.   It is apparent that a determination by this Court concerning the state law insurance coverage issues raised in the Declaratory Judgment Action will necessarily affect — and thus interfere with — the State Tort Action. For instance, a comparison of the pleadings in both actions reveals that this Court would need to delve into issues concerning the Insured Attorney's legal representation of Kevin Caccavella and Joanne Caccavella that are identical to the issues being addressed in the State Tort Action. (*Compare* ECF No. 1-1 at 2 (in the Declaratory Judgment Action, the Insured Attorney refers to the claims that are set forth in the State Tort Action), *with* ECF No. 1-2 at 1–2 (Kevin Caccavella and Joanne Caccavella set forth allegations in the State Tort Action concerning the quality of the legal representation provided to them by the Insured Attorney).) Indeed, the Insurer asserts in its notice of removal that "the 'object' of the current litigation is the Caccavella lawsuit." (ECF No. 1 at 2.)

4.   As a result, this Court abstains from adjudicating the Declaratory Judgment Action. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282–90 (1995) (upholding *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942)). The Declaratory Judgment Action is remanded, because the claims should be adjudicated by the same state court overseeing the State Tort Action. *See Markel Ins. Co. v. Connolly, Connolly & Heun, LLP*, No. 17-1885, 2017 WL 4618750, at *3–4 (D.N.J. Oct. 16, 2017) (abstaining from the adjudication of a

dispute between a law firm insured and its legal malpractice insurer, because the parties

sought a determination of their rights and obligations before the related state court legal

malpractice case against the law firm had been resolved, and thus such a determination

would interfere with that state court case); *see also Williams v. State Auto Prop. & Cas.*

*Ins. Co.*, No. 08-4983, 2009 WL 1119502, at *2-3 (E.D. Pa. Apr. 24, 2009) (remanding

an action concerning a dispute over insurance coverage, and noting that "the possibility of

interfering with the state court cases regarding the same matter is substantial," because

the conduct of certain parties would need to be addressed in both the underlying state

cases and the removed declaratory judgment action).

     **5.**    In view of the pending State Tort Action, this Court must "promote judicial

economy by avoiding duplicative and piecemeal litigation." *State Auto Ins. Cos. v.*

*Summy*, 234 F.3d 131, 135 (3d Cir. 2001). The Third Circuit Court of Appeals has

recognized that "in certain circumstances, determining the issue of coverage will rely on

questions central to the underlying liability proceeding," thereby "warrant[ing] a court's

abstention." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 287 n.12 (3d Cir. 2017);

*see also Summy*, 234 F.3d at 135–36 (abstaining from the adjudication of an insurance

coverage action in federal court, and holding that "[t]he desire of . . . [the Insurer] to

receive declarations in federal court on matters of purely state law has no special call on

the federal forum").

**6.**     Therefore, this Court remands the Declaratory Judgment Action pursuant to

the doctrine of *Brillhart* abstention.[1]  For good cause shown:


**IT IS THEREFORE** on this ___*12th*___ day of March, 2018, **ORDERED** that this

action is remanded to New Jersey Superior Court, Bergen County; and it is further

**ORDERED** that the Clerk of the United States District Court for the District of

New Jersey mark this action as closed.[2]


_____
**JOSE L. LINARES**
Chief Judge, United States District Court

---

[1]     Even if the Declaratory Judgment Action were to proceed in this Court, Kevin Caccavella and Joanne Caccavella would need to be named as additional defendants. *See* N.J.S.A. 2A:16-56 (stating that when declaratory relief is sought, all those having an interest that would be affected by the declaration must be made parties to the proceeding).  Their interests would certainly be affected if the Insured Attorney is found liable in the State Tort Action, but has no insurance coverage related to any of their claims against him.  This Court's diversity jurisdiction would then be extinguished, because (1) Swenson, who is the plaintiff, is a New Jersey citizen, and (2) Kevin Caccavella and Joanne Caccavella, who would then be defendants, are New Jersey citizens.  (ECF No. 1-2 at 1.)

[2]     A remand of the Declaratory Judgment Action is preferable to a dismissal, as "a remand may best promote the values of economy, convenience, fairness, and comity," because "[a]ny time a district court dismisses, rather than remands, a removed case . . . , the parties will have to refile their papers in state court, at some expense of time and money," and "the state court will have to reprocess the case." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988).